UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA MINERD-MASSEY,

    Plaintiff,

  v.

WILLIAM P. BARR,
Attorney General of the United States;
and

LETITIA JAMES,
Attorney General of the State of New
York

    Defendants.

19-CV-106
DECISION AND ORDER

---

The pro se plaintiff, Jessica Minerd-Massey, has filed a document asserting that the "Federal and State governments and respective agencies" have violated the "Fourth, Fifth, and the Fourteenth Amendments as well as . . . [the] Social Security Act [of] 1935, The Medicare/Medicaid Act [of] 1965 and multiple federal and state antitrust laws." Docket Item 1 at 1. She raises generalized grievances about state and federal policies and laws pertaining to opioid pain medications. *Id.* at 6-26. Instead of a complaint, she has filed a "Brief . . . with a history and Legal Arguments." *Id.* at 1. Among other things, she "respectfully requests . . . that all Americans be allowed to join this litigation against the state of NEW YORK and the United States of America by submitting a 'Motion to Join' with this case number." *Id.* at 26-28. Since Minerd-Massey filed her pleading, more than twenty motions to join have been filed by various individuals. Docket Items 3-25.

Minerd-Massey also has moved to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because she cannot afford it) and has filed the required affidavit. Docket Item 2. Because Minerd-Massey meets the statutory requirements to proceed in forma pauperis under 28 U.S.C. § 1915(a), her request is granted. As a result, the Court has screened the complaint under 28 U.S.C. § 1915(e). For the reasons that follow, Minerd-Massey's claims are dismissed.

## DISCUSSION

**I.　IN FORMA PAUPERIS**

A party seeking to bring a civil action in federal court ordinarily is required to pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $50. *See Wagoner v. Ciocca*, 2016 WL 5720827, at *1 (W.D.N.Y. Sept. 30, 2016). But a litigant may ask to avoid the payments by moving for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1).

The court evaluates a litigant's financial status to determine whether he or she is eligible to proceed in forma pauperis under § 1915(a).[1] To be eligible, an applicant must complete an affidavit demonstrating that he or she meets the requirements of § 1915(a). More specifically, applicants are not required to "demonstrate absolute

---

[1] 28 U.S.C. § 1915 addresses leave to proceed in forma pauperis. That section's requirement that "the prisoner" provide a statement of all assets that he or she possesses does not preclude non-prisoners from proceeding in forma pauperis in federal court. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997). "Only prisoners, however, have the additional requirement of filing a prison trust account" statement under 28 U.S.C. § 1915(a)(2). *Id.* at 277.

destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), but must establish that they cannot afford to pay for both the necessities of life and the costs of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Because Minerd-Massey meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, she is granted permission to proceed in forma pauperis. Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court screens the complaint.

## II.  SCREENING THE COMPLAINT

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Under § 1915, the court "shall dismiss the case at any time if the court determines that [it] . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The settled rule is that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). But leave to amend a complaint should be denied if any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the

3

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted)).

Minerd-Massey has not alleged that she herself suffered any specific injury for which she may obtain relief. Her self-styled "Brief" includes nothing more than generalized grievances about drug laws, some history and references to expert reports and studies, and legal argument. Indeed, she describes her filing as a "Brief . . . with a history and Legal Arguments in support of these factual allegations." Docket Item 1 at 1. She therefore lacks standing, and this Court therefore lacks jurisdiction.[2] *See Sharpe v. Mental Health Sys. of U.S.*, 357 F. App'x 373, 374 (2d Cir. 2009) (summary order) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 482-83 (1982)) ("Standing cannot be 'predicated on . . . generalized grievances about the conduct of government.'"); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) ("Article III standing consists of three 'irreducible' elements: (1) *injury-in-fact*, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) *causation* in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) *redressability*, or a non-speculative likelihood that the injury can be remedied by the requested relief.").

---

[2] In *Wilton v. United States*, 2019 WL 1545619 (N.D. Ohio Apr. 9, 2019), the court dismissed an action similar to the case at bar because the plaintiff had not "alleged facts sufficient to establish that she has Article III standing."

4

## **ORDER**

In light of the above,

IT HEREBY IS ORDERED that the plaintiff's motion to proceed in forma pauperis, Docket Item 2, is GRANTED; and it is further

ORDERED that Minerd-Massey's complaint is dismissed without prejudice; and it is further

ORDERED that the motions to join, Docket Items 3-16; 19-25, are denied as moot and because no one who moved to join filed a proper motion to proceed in forma pauperis or paid the necessary filing fee.

SO ORDERED.

Dated:     April 18, 2019
           Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE